IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No.  12-10085-04 |
| | ) | |
| MARIO CANTU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This case comes before the court on the government's motion to revoke the magistrate's order of release. (Doc. 106). The court held an evidentiary hearing on May 3, 2012. The government's motion is denied and Magistrate Judge Kenneth Gale's order granting bond is affirmed, with conditions, for the reasons herein.

### Procedural History

On March 27, 2012, pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 843(b), defendant was indited on one count of conspiracy with intent to distribute more than 5 kilograms of cocaine and three counts of using a communication device to commit a felony. On April 30, 2012, Magistrate Judge Gale held a detention hearing. The government moved for detention pursuant to 18 U.S.C. § 3142(e). Magistrate Judge Gale denied the government's motion, but he stayed the Order of Release for twenty-four hours. That same day, Magistrate Judge Gale issued an order setting forth the conditions for defendant's release which included a requirement that defendant install a telephone line in his home. Defendant has complied with this condition.

The government moved to revoke the magistrate's order on May 1.

This court held an evidentiary hearing on May 3. Both the government and defendant made certain proffers during the hearing.

## Legal Standard

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. United States v. Cisneros, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See id.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-

>    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, et seq. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community").

"A grand jury indictment provides the probable cause required by the statute to trigger the presumption." United States v. Walters, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000)(citing United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges defendant with offenses which carry a maximum term of imprisonment of ten years or more as prescribed by

-3-

the Controlled Substances Act, and thus raises the rebuttable presumptions of risk of flight and danger to the community. Id.

The burden of production on defendant to overcome the presumption is not a heavy one, but defendant must produce some evidence. Stricklin, 932 F.2d at 1354-55. Even if defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. Id. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002)(burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

**Analysis**

**A. Nature And Circumstances Of The Offense**

During the hearing, the government informed the court that the conspiracy count has a minimum term of ten years and a maximum term of life, thereby triggering the rebuttable presumption for detention. This factor favors detention.

**B. Weight Of The Evidence**

During the hearing, the government proffered evidence of telephone calls that were recorded pursuant to a federal wiretap order. The context of the calls concerned discussion of certain food items. The government proffered that federal agents would testify that the calls were in code and that the food items were references

to narcotics. The government further proffered that federal agents would testify that they believe, based on all of the calls they have reviewed, that defendant supplies cocaine to Juvenal Fernandez, a co-defendant.

This factor therefore favors detention.

**C. History And Characteristics Of Defendant**

Defendant is not married but has been dating Andrea Morales since 2009. Defendant and Morales have a five-week old son together. Prior to his arrest, defendant saw his son on a daily basis and provided for his care. Defendant also provides care for a step-son who is Morales' child. Most of defendant's family reside in Kansas. If released, defendant will live with his mother and father in Wichita, Kansas. Defendant does have some extended family in Mexico. Defendant, however, is a citizen and has not been to Mexico since he visited in 2009 to attend his brother's funeral.

Prior to his arrest, defendant cared for the children in the home while his girlfriend worked. Defendant was laid off of work from his previous employment with Attico Agriculture in May 2011. Defendant had been actively seeking employment prior to his arrest and would be required to continue to seek employment if released.

Defendant has a criminal record. In 2000, defendant was convicted on an aggravated assault charge and served one year in prison. In 2002, defendant was convicted on felony drug charges and served 23 months in prison. In 2004, defendant was convicted on a charge of disorderly conduct and served twelve months in jail. After his release on the disorderly conduct conviction, defendant's subsequent criminal charges concern traffic violations.

In addition, defendant voluntarily surrendered himself to the custody of the Marshals after learning of the charges in the indictment. At the time, defendant was in Texas. Defendant returned to Kansas and arranged his surrender through counsel.

Defendant's family ties to Kansas suggest that he is not a flight risk. Defendant's history also suggests that he would likely follow conditions of pretrial release.

**D. Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant would pose a risk of physical danger to the community. While defendant has a criminal history, the criminal charges that occurred after his release from jail in 2004 concerned traffic offenses. Defendant has also not committed a felony offense since 2002, at the age of 20.

## Conclusion

Based upon the evidence proffered at the hearing and the record before the court, the court finds that defendant has met his burden to rebut the presumption that there are no conditions of release which will ensure the safety of the community. In order to satisfy the court that defendant will return for further proceedings in this case, defendant must post either a cash or a surety bond with the clerk's office in the amount of $10,000 as an additional condition of his release. All other requirements set forth in Magistrate Gale's order setting conditions of release must also be complied with.

The government's motion is accordingly denied. (Doc. 106). It

is ordered that defendant be released pending trial on the conditions set forth above.

     IT IS SO ORDERED.

     Dated this __8th__ day of May 2012, at Wichita, Kansas.

                                      s/ Monti Belot
                                      Monti L. Belot
                                      UNITED STATES DISTRICT JUDGE