IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No. 12-10085 -01-14-MLB |
| | ) | |
| **JUVENAL FERNANDEZ JR.,** | ) | |
| **AARON GOMEZ,** | ) | |
| **KRISTIAN FERNANDEZ,** | ) | |
| **MARIO CANTU,** | ) | |
| **RITO MEJIA JR.,** | ) | |
| **FRANCISCO COBOS,** | ) | |
| **JUVENAL G. FERNANDEZ,** | ) | |
| **ALEJANDRO DE LA TORRE-BARRIOS,** | ) | |
| **GREGORY SCHMIDT II,** | ) | |
| **DESMOND YANKEY,** | ) | |
| **MARIA MACHUCA,** | ) | |
| **DANIEL CARRERO,** | ) | |
| **MARIO MACHUCA,** | ) | |
| **SANDRA LOZORIA,** | ) | |

**MOTION FOR DESIGNATION OF CASE AS COMPLEX AND
REQUESTING EXCLUDABLE TIME COMPUTATIONS**

The United States of America, by and through Aaron L. Smith, Assistant United States Attorney, moves for an order of the court designating this case as complex and unusual, and setting a status hearing for all parties to attend, to allow the Court to set a schedule for discovery, the filing of motions, the setting of hearings and the setting of jury trial in an expanded time frame which would ultimately result in setting the trial past normal time limits. The United States couches this motion as a request to continue the trial date past the normal time frame, and to designate the time in excess of that normally set as excludable time under 18 U.S.C. § 3161(h)(8)(A), (B)(ii).

A scheduling order was issued, setting trial for June 19, 2012.  The United States asks that the court recognize the unusual and complex nature of this case. This proposition of the United States would require the trial and other matters be set beyond the normal period of time provided under 18 U.S.C. § 3161, unless excludable time is designated.  The United States requests that the period of time from the date of the court's order on this motion until the date of the pretrial motions hearing be excluded in computing the time within which the trial of this case must commence.

Under 18 U.S.C. § 3161(h)(8)(A), (B)(ii) the court may grant a continuance and a speedy trial exclusion for a period of delay if the court finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendants in a speedy trial.  Among the factors to be considered when a court determines whether to grant such a continuance under § 3161(h)(8)(A), (B)(ii) are:

Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.  18 U.S.C. § 3161(h)(8)(A)(B)(ii).

This is an unusual and complex case, due to these factors:

(1)  There are 14 defendants in this case, three of which remain fugitives.  One of the defendants is now deceased and the United States dismissed the case against that defendant.  A trial date of June 19, 2012 has been set.

(2)  There is an unusually large volume of electronically recorded evidence which defense counsel will need to review and discuss with the defendants.  This includes hundreds of pertinent conversations which were recorded under court-authorized wire interceptions on 8 separate telephone lines over a period of over 14 months.

(3)  There are two drug trafficking conspiracies alleged with the defendant Juvenal Fernandez Jr. common to each.

(4)  The Money Laundering allegations involving Juvenal Fernandez Jr. and Juvenal G. Fernandez will require the analysis of a substantial volume of financial documents by respective defense counsel.

(5)  To date, six defendants have been released on bond, although one is deceased.  To date, each defendant that has remained in custody has been intercepted on a Title III wiretap and has been charged in an overarching conspiracy count.

Since it would be unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the normal time limits, the United States moves for an order granting the relief requested.

The United States has provided the Applications, Affidavits, and Orders of the Title III wiretaps in discovery, and is presently gathering the agents reports in preparation of discovery. The DEA is in the process of committing to CD the pertinent audio calls, pertinent texts and transcripts of calls the United States intents to use at trial.  The United States will need additional time to make available to the rest of the defendants as they appear, the discoverable material  for

inspection, review, and copying by defense counsel and allow sufficient time for all parties to prepare for trial following the pretrial motions hearing.  The United States would also like to allow sufficient time from the pretrial motions hearing until the commencement of trial to allow defendants the opportunity to enter into timely plea agreements so they may obtain the three level reduction available to them for acceptance of responsibility under USSG § 3E1.1.

**FURTHER**, defendants JUVENAL FERNANDEZ JR., AARON GOMEZ, KRISTIAN FERNANDEZ, MARIO CANTU, ALEJANDRO DE LA TORRE-BARRIOS, DESMOND YANKEY, and MARIA MACHUCA <u>do not</u> object to this motion.

Defendants RITO MEJIA, and JUVENAL G. FERNANDEZ have not indicated their position.  Counsel for each defendant indicated a position would be indicated shortly.  Both defendants are out on bond.

Defendants DANIEL CARRERO, MARIO MACHUCA, and SANDRA LOZORIA remain fugitives.

Defendant FRANCISCO COBOS apparently objects to the motion.[1]

**WHEREFORE,** the United States requests that the Court declare this case an unusual and complex case under 18 U.S.C. §3161(h)(8)(A) and (B)(ii), finding the case outside the boundaries of the traditional time line in criminal procedure, and holding the extra time

---

[1] Diane Barger, counsel for Francisco Cobos did not respond to the United State's inquiry regarding her client's position on the motion.  Apparently, Ms. Barger did inform Kari Schmidt of the objection.  Ms. Schmidt kindly informed the United States of defendant Cobos' objection.

needed to prepare as excludable.  The United States also requests that the court set a status hearing, with all attorneys present, to discuss the setting of the deadlines for discovery, motions,  hearings,  and jury trial in this matter.

                         Respectfully submitted,

                         BARRY R. GRISSOM
                         United States Attorney

                         S/Aaron L. Smith
                         AARON L. SMITH, #20447
                         Assistant U.S. Attorney
                         1200 Epic Center, 301 N. Main
                         Wichita, Kansas 67202
                         Telephone: (316) 269-6481
                         Fax: (316) 269-6484
                         E-mail: aaron.smith3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2012, 2012, I electronically filed the above and foregoing Motion for Designation of Case as Complex and Requesting Excludable Time Computations with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

                         s/ Aaron L. Smith
                         AARON L. SMITH
                         Assistant United States Attorney