IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Case No. 6:12-cr-10085-JTM-4

MARIO CANTU,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Mario Cantu's Motion for Early Termination of Supervised Release (Dkt. 387). Although defendant has requested a hearing on the motion, the court concludes that a hearing is unnecessary and that, for the reasons set forth below, the motion should be denied.

Defendant was charged by indictment with four counts, including one count of conspiracy to distribute more than 5 kilograms of cocaine and three counts of using a telephone to facilitate drug trafficking. Dkt. 1. He pled guilty to two of the telephone counts and was sentenced by Judge Monti L. Belot to 30 months imprisonment, followed by one year of supervised release. Dkt. 226.

Defendant completed his custodial sentence and began his term of supervised release on January 9, 2015. On December 21, 2015, after defendant admitted violating the conditions of release, this court revoked and reinstated the term for a total of 18 months, with a special condition that defendant reside at a halfway house with a work-release component. Dkt. 364. Defendant's admitted violations included using cocaine

and alcohol, associating with convicted felons, and failing to appear for substance abuse counseling and testing. Dkt. 374. The defendant admitted, and the court recognized when it reinstated the term of supervision, that defendant had a long-standing addiction problem that was his primary obstacle to living as a law-abiding citizen. The court said at the time that it would consider early termination of supervision if defendant did well after finishing drug treatment, but that it had to make sure defendant got through the program successfully, that he had employment, and that things were going well. Dkt. 374 at 21-22.

Defendant's motion for early termination asserts that he has successfully completed his treatment program, he "has had no violations of his release and has performed outstandingly," he has paid off everything he owes, and he has a stable residence and employment. Dkt. 387 at 2-4. The Government opposes the motion, citing information from the Probation Office indicating that defendant has failed to comply with all of the conditions of supervision. Dkt. 388 at 1.

Section 3583(e) of Title 18 provides that the court may, after considering the applicable factors in § 3553(e), terminate supervised release at any time after a defendant has completed at least one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Defendant has satisfied a number of conditions of supervision, but according to information from the Probation Office, since supervision was reinstated he has also failed to attend outpatient treatment, twice failed to attend MRT (Moral Reconation

2

Therapy), absconded from the halfway house, and submitted a false itinerary. Whatever mitigating circumstances defendant might suggest pertaining as to these matters, the court concludes that defendant would best benefit from continued supervision. The court is not satisfied that early termination is warranted at this point or is in the interest of justice.

**IT IS THEREFORE ORDERED** this 20th day of October, 2016, that defendant's Motion for Early Termination of Supervised Release (Dkt. 387) is DENIED.

___s/ J. Thomas Marten_____<br>J. THOMAS MARTEN, JUDGE